The case having been tried before a jury, a verdict was returned for the defendant. The plaintiff prosecutes error to the court to reverse the judgment, alleging various errors, of which we shall notice only the errors allege'd in the giving of the special charges requested by the defendant, to which the plaintiff excepted.
The contention of the plaintiff was that the defendant did not exercise such care as a person of ordinary prudence would exercise to learn whether Faitha Gilliam was a proper person to whom to sell arsenic. It is only necessary to refer to so much of the testimony as shows the prejudicial character of the charges complained of.
Faitha' Gilliam was a stranger to the druggist, except that he knew she was a servant of Dr. Ambrose. She was asked as to her purpose in purchasing the arsenic and stated that it was to be used for the purpose of billing rats. -There was evidence tending .to show'that under all the circumstances the sale should not have been made and the question whether it should have been made was properly submitted to the jury.
The following special charges were given over the exception of the plaintiff:
“7. It is not negligence for a druggist to sell a deadly poison to a stranger merely because the person who buys the poison is unknown to the druggist, if there is no other element of negligence.
*65 “8. A druggist has a right to sell arsenic under the proper circumstances, and the sale of it does not become negligence merely because it is sold to a person who is unknown to the druggist.
“9. A druggist has a right to sell arsenic under proper circumstances, and a sale of it is not negligence merely because it is made to a female servant of nineteen or twenty years of age, who has the ordinary appearance of a servant and is bright and intelligent looking.-
“10. The sale of arsenic to an adult person of ordinary appearance who gives a satisfactory account of the person for whom and the purpose for which the arsenic is bought, is not in itself a negligent act. ’ ’
It will be observed that these charges single out an isolated fact or isolated facts upon which the plaintiff relies in proving the negligence of the defendant, and the jury is charged that such fact does not, or such facts do not, constitute negligence. This method of charging has been disapproved of by our Supreme Court as misleading. In Morgan v. State, 48 O. S., 377, the Supreme Court said:
“We assume it to be the law, while it is not, in this state, the duty of the trial judge to sum up the evidence to the jury, yet it is not improper to do so providing it is fairly done and all the material evidence on both sides is fairly presented. The judge should not single out isolated parts of the testimony, and instruct as to the law arising on the facts which such testimony tends to prove, nor give undue prominence to certain portions of it, and especially ought he not to review with emphasis only those facts which have a tendency to establish one side of the case. When one single fact is selected and strongly commented upon, the tendency is to distort its importance in the estimation of the jury, and to concentrate attention too intently upon it, to the undervaluing of the rest of the evidence. ’ ’
The same principle is declared in the C., C., C. & St. L. Ry. Co. v. Richerson, 19 C. C., 386, 6th syllabus, which is as follows:
“A charge that the railroad company was not guilty of negligence by leaving cars standing close to a crossing would not be proper where the leaving the cars standing close to the crossing was only one of the several things complained of, all of jvhich *66 taken together are charged as negligence against the railroad company. ’ ’
For error in giving the special charges above set forth we think the case should be reversed. We do not find it necessary to express an opinion upon the other errors complained of by plaintiff in error.